IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STACEY L. JOHNSON                                                                                        PLAINTIFF

v.                                       Civil No. 08-3034

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Stacey Johnson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits (DIB), and supplemental security income ("SSI") pursuant to Titles II and XIV of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**Procedural Background:**

The plaintiff filed her applications for DIB and SSI on January 14, 2004, alleging an onset date of September 14, 2002, due to migraine headaches, anxiety/panic disorder, bipolar disorder, sleep apnea, depression, low IQ, and degenerative disk disease. (Tr. 14, 70, 72-74, 113, 118-120, 134). An administrative hearing was held on June 12, 2006. (Tr. 532-560). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 27 years old and possessed the equivalent of a high school education. (Tr. 60, 63, 534). The record reveals that she had past

**AO72A**
**(Rev. 8/82)**

relevant work experience ("PRW") as a customer service representative, general manager, salesperson, hostess, factory line worker, and manager/receptionist. (Tr. 91, 103-109).

On July 25, 2006, the Administrative Law Judge ("ALJ") concluded that plaintiff's impairments were severe but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 12). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to perform a range of light work limited by her ability to sit for a total of 6 hours; stand and/or walk for a total of 6 hours during an 8-hour workday with normal breaks; frequently climb ramps and stairs; balance, kneel, crouch, and crawl; and, occasionally climb ladders/ropes/scaffolds and stoop. (Tr. 15). From a mental standpoint, the ALJ determined that plaintiff had good (defined as limited but satisfactory) ability to use judgment, function independently, maintain attention and concentration; understand, remember, and carry out simple and detailed but not complex job instructions; maintain personal appearance; and, demonstrate reliability. Plaintiff also had fair (defined as seriously limited but not precluded) ability to follow work rules; relate to coworkers; deal with the public; interact with supervisors; deal with work stresses; understand, remember, and carry out complex job instructions; behave in an emotionally stable manner; and relate predictably in social situations. With the assistance of a vocational expert, the ALJ then concluded that plaintiff could still perform her PRW as a customer service representative. (Tr. 18).

The plaintiff appealed this decision to the Appeals Council, but her request for review was denied on April 15, 2008. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1).

This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. #9, 10).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

3

1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to discuss the mental RFC assessment of plaintiff's treating counselor, Ms. Debra Reid. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). The record makes clear that plaintiff was suffering from a number of mental impairments to include anxiety disorder, panic disorder, agoraphobia, and depression. Records also indicate that plaintiff suffered from panic attacks and experienced difficulty with social functioning, necessitating prescriptions for Xanax, Diazepam, Trazodone, and Paxil.

Ms. Reid began treating plaintiff in August 2005. Over the course of her treatment, Ms. Reid repeatedly noted limited or mixed progress. (Tr. 426-457). According to progress notes, plaintiff experienced difficulty getting to the issues because she tended to talk about the "here and now without prying into anything any deeper." (Tr. 426-457). Plaintiff also reported increased agoraphobic symptoms, panic attacks, and difficulty dealing with her 3 children who suffered from attention deficit hyperactivity disorder and oppositional defiant disorder.

On September 6, 2005, Ms. Reid completed a mental RFC assessment. (Tr. 414-416). She concluded that plaintiff had poor to no ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, and maintain attention and concentration due to borderline personality disorder and panic disorder with agoraphobia. Ms. Reid also found plaintiff to have poor to no ability to behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. (Tr. 414-416).

4

On February 1, 2006, Ms. Reid completed a second mental RFC assessment. (Tr. 411-413). She indicated that plaintiff's ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, and maintain attention and concentration was poor to none. Ms. Reid also stated that her ability to function independently was fair. She indicated that her conclusions were based on plaintiff's co-morbid diagnoses of bipolar 1 disorder and borderline personality disorder, as well as panic disorder with agoraphobia. Ms. Reid stated that plaintiff was challenged in all of the above areas and experienced frequent panic attacks when she was required to be in public. Ms. Reid also concluded that plaintiff's ability to understand, remember and carry out complex job instructions and detailed but not complex job instructions was only fair due to some short-term memory problems. Further, she determined that plaintiff's ability to behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability was poor to none due to plaintiff's agoraphobia which caused her to experience difficulty when in public and problems with social interaction. Ms. Reid then stated that plaintiff's extremes in mood, due to bipolar disorder, also made it difficult for her to maintain relationships in a work environment. (Tr. 411-413).

The ALJ does mention plaintiff's treatment by Ms. Reid. However, he fails to discuss Ms. Reid's RFC assessment. While we realize that Ms. Reid is not a psychiatrist or a psychologist, we do believe that her opinion was entitled to more weight than that of the one time consultative examiners in this case. *See Shontos v. Barnhart,* 328 F.3d 418, 426-27 (8th Cir. 2003). We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d

5

922, 925 (8th Cir. 1999). Therefore, we believe that ALJ should have considered Ms. Reid's opinion. Therefore, this case will be remanded to allow the ALJ to properly consider Ms. Reid's opinion. An RFC from plaintiff's treating doctor, Dr. Milam, might also be helpful, as Dr. Milam prescribed plaintiff's psychiatric medications in conjunction with Ms. Reid. On remand, should the ALJ determine Ms. Reid's opinion is not entitled to significant weight, he is directed to explain on the record why he does not find her assessment to be credible.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 31st day of August 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)